UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **PAUL STERN** | **CIVIL ACTION NO.:** |
| **VERSUS** | **4:23-cv-47** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | |

## COMPLAINT

### I.  PARTIES

1. Plaintiff, **Paul Stern**, is a person of the full age of majority, and a resident of Plano, Collin County, Texas.

2. Defendant, **Hartford Life and Accident Insurance Company ("Hartford")**, is a foreign corporation authorized to do and doing business in this judicial district.

### II.   JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district and a substantial part of the events giving rise to the claim occurred in this district.

### III.     FACTS & ALLEGATIONS

5. Plaintiff, **PAUL STERN**, was at all relevant times a participant of the Rolex Watch USA, Inc., Welfare Benefit Plan ("the Plan").

6. Defendant, **Hartford**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract to insure the Plan and provide certain claims services relevant here.

7. Defendant, **Hartford**, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

8. Among other benefits, the Plan and the Policy provided for Plaintiff to receive Accidental Death and Dismemberment insurance benefits in the event of accidental death of Cindy Stern.

9. At all relevant times, Decedent was the spouse of Plaintiff.

10. On January 23, 2022, decent died by accidental medication toxicity, not contributed to by any physical or mental illness or the diagnosis or treatment of same.

11. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, Defendant, **Hartford**, arbitrarily and capriciously refused to pay benefits Plaintiff is entitled to receive under the terms of the Plan and the Policy.

12. Plaintiff provided timely application for benefits and proof of loss as required by the Plan and the Policy.

13. Plaintiff incurred attorney's fees in order to pursue benefits under the Plan and Policy.

14. Plaintiff is entitled to judgment awarding accidental death benefits owed under the terms of the Plan and Policy from Defendant, **Hartford**.

15. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant, **Hartford**.

16. The standard of review of Plaintiff's claims herein is *de novo*, due to the ban of discretionary clauses under applicable state law.

17. A preponderance of the evidence demonstrates that Decedent's death was accidental, not excluded, and entitles Plaintiff to the benefits **Hartford** denied under the terms of the Plan and Policy.

**WHEREFORE**, Plaintiff **PAUL STERN**, prays for judgment against Defendant, **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

        Respectfully Submitted,

        s/J. Price McNamara

        _____
        **J. PRICE McNAMARA**
        Bar Nos: LA 20291 & TX 24084626
        10455 Jefferson Highway, Ste. 2B
        Baton Rouge, LA 70809
        Telephone: 225-201-8311
        Facsimile: 225-612-6973
        price@jpricemcnamara.com
        Attorney for Complainant

**SERVICE**
Complaint will be served upon agent for service for defendant(s) by Certified Mail with request for Waiver of Service of Summons.